**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS RADCLIFFE,

           Plaintiff-Appellant,

  v.

COUNTY OF SANTA CLARA;
ALEXANDER CHYORNY,

           Defendants-Appellees.

No. 20-16349

D.C. No. 4:19-cv-01699-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted June 21, 2021[**]

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

    California state prisoner Carlos Radcliffe appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging federal and state law claims arising from his pretrial

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

detention at the Santa Clara County Jail.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment on Radcliffe's federal claims because Radcliffe failed to raise a genuine dispute of material fact as to whether he properly exhausted his available administrative remedies as required by the Prison Litigation Reform Act, or whether administrative remedies were effectively unavailable.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 402 (2015) (Prison Litigation Reform Act applies to both pretrial detainees and convicted prisoners); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)); *Williams*, 775 F.3d at 1191 (a prisoner who does not exhaust administrative remedies must show that "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him").

The district court properly granted summary judgment on Radcliffe's state law claims because Radcliffe failed to raise a genuine dispute of material fact as to whether he complied with, or was excused from, the claim-presentment requirements of California's Government Claims Act ("GCA").  *See* Cal. Gov't

Code §§ 905, 911.2, 945.4; *Baines Pickwick Ltd. v. City of Los Angeles*, 85 Cal. Rptr. 2d 74, 79 (Ct. App. 1999) (GCA applies to all actions seeking monetary relief).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**